UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK DELOACH,

        Plaintiff,

                                        CASE No. 2:22-CV-31

v.

                                        HON. ROBERT J. JONKER

RACHAEL VALLE,

        Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation (ECF No. 27) and Plaintiff's Affidavit. (ECF No. 28). Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

In his Objection, Plaintiff does not quibble with the Magistrate Judge's analysis of the record as it existed at the time of the Report and Recommendation. Rather, after receiving the Report and Recommendation, Plaintiff attempted to support his position by filing an affidavit. The Court has discretion whether to consider the belatedly submitted information. 28 U.S.C. § 636(b)(1)(C) (the District Judge "may . . . receive further evidence."). This discretion prevents sandbagging of the Magistrate Judge, while at the same time leaving the door open to plenary consideration of new information in appropriate cases. *See Walker v. Berrien County Jail*, Case No. 1:18-cv-722, ECF No. 41 (W.D. Mich. Feb. 25, 2021) ("A party cannot sandbag the Court and an opposing party by submitting critical materials after the Magistrate Judge submits his or her Report and Recommendation."). Here the information Plaintiff describes in the belated affidavit has been available to him all along, and the record discloses no good reason for the belated submission.

But even considering the untimely filing, and reviewing all other matters of record de novo, nothing in Plaintiff's submission convinces the Court that the Magistrate Judge got it wrong. Even accepting Plaintiff's latest filing, there is no response to the Magistrate Judge's determination that his due process claim failed under *Parratt v. Taylor*, 451 U.S. 527 (1981) and that Defendant Valle is entitled to qualified immunity. The Court is satisfied the defense motion should be granted, for the very reasons articulated by the Magistrate Judge.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 27) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the defense motion for summary judgment (ECF No. 22) is **GRANTED.** This case is **DISMISSED.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

A separate Judgment shall enter.


Dated:  April 19, 2024                       /s/ Robert J. Jonker
                                               ROBERT J. JONKER
                                               UNITED STATES DISTRICT JUDGE